*Law Office of*
*Donald D. duBoulay, Esq.*
*401 Broadway, Suite 2507*
*New York, New York 10013*

*(212) 966-3970*                                                                 Fax *(212) 941-7108*

December 18, 2007

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: United States v. Frederick Wallace
    07 Cr. 546-1 (PKC)

Dear Judge Castel:

    On September 18, 2007, Frederick Wallace (true name Eugene grant), the defendant herein appeared before the Court and entered a plea of guilty to Count One of the instant indictment to wit: Illegal reentry of a deported alien per Title 8 U.S.C. 1326 (a),(b)(1). He is currently scheduled to appear for sentencing before this Court on December 19, 2007 at 9:45 a.m. This letter is submitted to aid this Court in the determination of the appropriate sentence consistent with the statutory directives set forth in 18 U.S.C. 3553 (a).

## Background

    Eugene Grant, the defendant herein, was born in Belize on March 1, 1976. At the age of nine he accompanied his mother to the United States, where he resided for almost a year. He and his mother then relocated to St. Croix U.S.V.I, to join his father, who had obtained employment there.
    The marriage of his parents was an unhappy one. Eugene Grant Sr. was a womanizer and a heavy drinker, who on occasion assaulted Mr. Grant's mother. Eventually Ms. Grant tired of the marriage and, immigrated to the United States with the defendant in tow.
    Mr. Grant was raised for the most part, solely by his mother, who was employed as a housekeeper and domestic worker.
    In 1995, at the age of 19, Mr. Grant was convicted for possession of a controlled substance. He was sentenced to one year in jail, and

The Honorable P. Kevin Castel
United States District Judge
Page 2

was subsequently, deported to Belize. Mr. Grant had not resided in Belize since he was a child.

Upon arrival in Belize he lived with an aunt and her five children, for a short period of time until that proved untenable. He then found a room, and obtained work as a day laborer at various construction sites, when he could.

At about this time, Mr. Grant's mother health took a turn for the worse. She had breast cancer, and was seriously ill. Mr. Grant decided to risk returning to the United States to see his terminally ill mother. In early 1997, Mr. Grant successfully re-entered the United States across the Mexican border. He immediately made his way to Chicago, where his mother resided. Mr. Grant's mother died in mid 1997.

At the time of his re-entry into the United States Mr. Grant was 21 years of age. Mr. Grant was sporadically employed in the period after his Mother's death, obtaining work at various construction sites. Finally in 1999, he moved to New York, were he sporadically obtained work. In 2002, an Uncle residing in New York, obtained employment for Grant at his place of employment, installing windows, in storefronts and other commercial establishments. He was let go almost a year later when the business was slow.

When he was arrested in March 2006, Mr. Grant was working as a day laborer at the Hunts Point Market in the Bronx.

### Pre-sentence report

The defendant does not object to the, presentence report or the guideline calculations therein.

### 18 U.S.C. 3553 (a) Factors

As this Court is well aware, in determining what sentence to impose judges must consider the sentencing guidelines and all the factors outlined in 18 U.S.C. 3553(a). *United States v. Booker and United States v. Fan Fan*, 543 U.S. 220, 125 S.Ct 738 (2005). Further, courts must impose a "sentence sufficient, but not greater than necessary" to reflect the objectives of sentencing. In addition, the court should consider the sentencing guideline range and policy statements and the history and characteristics of the defendant, and the nature and circumstances of the offense. See 18 U.S.C. 3553(a).3

It is respectfully requested that the court sentence Mr. Grant to 10 months of incarceration, to run concurrently with the 125 months he is currently serving.

2

The Honorable P.Kevin Castel
United States District Judge
Page 3

On June 17, 2007 Mr. Grant was sentenced by the Honorable William H. Pauley III to a term of imprisonment of 125 months, upon a conviction for conspiring to distribute PCP. At the time of sentencing on that matter, the government, probation and the court were aware of Mr. Grant's illegal re-entry status. The defendant acknowledged as much. The government urged the court to consider this fact in imposing the sentence in that case. The court after hearing pleas from both sides on the matter sentenced Mr. Grant to 125 months of imprisonment. It appears that the court, took into consideration, Mr. Grant's status as having illegally entered the country after being deported into consideration when it imposed the sentence of 125 months in the drug case.

Further had the government brought the instant charges prior to the sentencing in the case before Judge Pauley, as it could have done, Mr. Grant's Criminal history category would not have reflected the PCP conviction and would have yielded a CHC of II and a sentence range of 8-14 months, not CHC III as it now stands. Also, had the instant charge been brought prior to the sentence in the drug case, under the grouping rules, the conviction at that time for illegal reentry would have merged into the greater (drug) conviction and resulted in one sentence of 125 months.

The mere fortuity of the government obtaining a conviction on the greater case first, then seeking a subsequent conviction on the illegal reentry charge now posits the likelihood of the sentence in this case running consecutively to the previously imposed sentence of 125 months that was imposed by Judge Pauley on June 1, 2007.

Pursuant to 18 U.S.C. 3584 (a) and U.S.S.G. 561.3(c), the court may impose the sentence in this case to run consecutively, concurrently or partially concurrently, it is respectfully urged that considering all of the factors mentioned above the court sentence Mr., grant to 10 months to run concurrently with the 125 months sentence that he is currently serving.

Respectfully submitted,

Donald D. duBoulay

Cc: Antonia Apps AUSA (via ECF)
    Eugene Grant

3